### KING v. MULDOON.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

ANIMALS (§ 74*)—BITE BY DOG—ACTIONS—EVIDENCE.

     In an action for injuries from the bite of a dog, evidence *held* to support a judgment for plaintiff.

     [Ed. Note.—For other cases, see Animals, Cent. Dig. § 268; Dec. Dig. § 74.*]

Appeal from Trial Term, Westchester County.

Action by William W. R. King, by Mary L. Bucklin, his guardian ad litem, against William Muldoon. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Henry T. Dykman, for appellant.
John M. Digney, for respondent.

WOODWARD, J. The plaintiff, an infant, was bitten by a dog, alleged to belong to the defendant, on the 1st day of January, 1904. There is no question raised as to the extent of the injuries, or to the fact that the plaintiff was bitten. The questions litigated were whether the defendant owned the dog which did the biting, and whether the defendant had notice of the vicious tendencies of the dog; it being urged on the part of the defendant that the evidence did not warrant the submission of these questions to the jury.

It appears from the evidence, without dispute, that the plaintiff was

---

riding upon a hand sled, attached to the rear end of a vehicle being driven by his mother, on the 1st day of January, 1904. He was lying on the sled on his stomach, and while in that position, and while passing the defendant's premises, upon the highway, a number of dogs ran out, and one of them bit him. At this point there is a conflict in the evidence. One witness testifies that there were seven dogs, some of which came from a neighboring place, and there was evidence tending to show vicious characteristics upon the part of these neighboring dogs, which were described as being St. Bernards, while the dogs which belonged to the defendant were collies. The plaintiff's witnesses insist that there were but four dogs involved in the matter, and that none of these were St. Bernards, while the plaintiff himself testifies that he was bitten by a particular member of the group of four dogs, known as the "old dog." The evidence also showed that one witness at least had made complaint of this particular dog to the housekeeper of the defendant, who testified that she was in general charge of the place in the absence of the defendant, and that this complaint was made at a time when the master was not at home. The learned court charged the jury correctly upon the law of the case, no objection being made to the same, and we are of the opinion that there was no reversible error in the case. The evidence, while conflicting, was sufficient to support the verdict, and, there being no exceptions of merit to the rulings of the court, the verdict of the jury will not be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.